## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GARY D. ARONSON,                              :
                                              :
    Plaintiff,                       :
                                              :   Civ. A. No. 1:11-CV-11492-NMG
    v.                               :
                                              :
ADVANCED CELL TECHNOLOGY, INC., ET AL.,       :
                                              :
    Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. GORTON, AS TRUSTEE OF THE            :
JOHN S. GORTON SEPARATE PROPERTY             :
TRUST, DATED 3/3/1993,                       :
                                             :
    Plaintiff,                      :
                                             :
    v.                              :
                                             :
ADVANCED CELL TECHNOLOGY, INC., ET AL.,      :
                                             :
    Defendants.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ADVANCED CELL TECHNOLOGY, INC.'S OPPOSITION TO ARONSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Defendant Advanced Cell Technology, Inc. ("ACT"), through its undersigned counsel,

submits this opposition to Plaintiff Gary Aronson's Motion for Leave to File Supplemental

Request for Judicial Notice in Support of Opposition to Advanced Cell Technology's Motion to

Dismiss (ECF No. 43) (the "Motion").

Aronson's Motion is a desperate attempt to avoid dismissal of this purported securities-

fraud case. This Court should deny the Motion for several reasons:

First, the Motion is a back-door attempt to amend Aronson's First Amended Complaint.

Although styled as a request for this Court to take judicial notice of certain allegations made

against ACT in another case (allegations that involve purported transactions not alleged in this case), the Motion is in reality an attempt to supplement the allegations of the First Amended Complaint with additional purported bases for relief.  Aronson admits as much in the Motion. He states that these new allegations evince transactions that would have required additional adjustments under his stock warrant, and that he will request leave to amend his First Amended Complaint to include these unrelated allegations if ACT's motion to dismiss is granted.  (Motion at 2.)  Thus, Aronson's Motion has nothing to do with supplementing his opposition to ACT's motion to dismiss; it has everything to do with augmenting the allegations of his First Amended Complaint in an effort to stave off dismissal.

There is a mechanism for amending a pleading under Fed. R. Civ. P. 15.  Aronson must use that mechanism if he wishes to (once again) amend his claims.  If and when he does so, ACT will respond and demonstrate that any amendment would be futile and improper.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Second, Aronson has ignored L. R. 7.1(a)(2), which states, "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  The Motion does not contain the required certification, for the simple reason that Aronson's counsel never attempted to confer with ACT's counsel about the Motion.  Boston Children's Heart Foundation, Inc. v. Nadal-Ginard, 1995 WL 17015062 at *1 (D. Mass. Aug. 23, 1995) (dismissing motion for award of costs for failure to comply with L. R. 7.1(a)(2)).

Third, judicial notice of these new and unrelated **allegations** made against ACT would have no impact on this Court's resolution of ACT's motion to dismiss.  At most, judicial notice may be taken of the fact that the SEC has filed a lawsuit and made some allegations against ACT and others; judicial notice cannot be taken of the veracity of those allegations.  See, e.g., Liberty

Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.");

F.D.I.C. v. O'Flahaven, 857 F. Supp. 154, 157 (D.N.H. 1994) ("The Court could not judicially notice the veracity of the allegations in the affidavits; it could only take notice that the affidavits were in fact filed and that the factual averments were in fact made.").[1]  The mere existence of the SEC's **allegations** has no bearing on the (in)sufficiency of Aronson's First Amended Complaint, or ACT's arguments for dismissal, particularly in light of the fact that those allegations involve transactions unrelated to those that are the subject of this case.  Bucci v. Essex Ins. Co., 393 F.3d 285, 296 fn. 5 (1st Cir. 2005) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts **if** those proceedings have relevance to the matters at hand.") (emphasis added).  The requested judicial notice is irrelevant to the First Amended Complaint and ACT's motion to dismiss.  This Court's taking judicial notice of unrelated allegations made in another lawsuit would change nothing.  Aronson's First Amended Complaint would still fail to state a claim for relief.

        For all of the foregoing reasons, Aronson's Motion should be denied.

Dated: June 7, 2012                              Respectfully submitted,

                                                 /s/ Jonathan L. Kotlier
                                                 Andrew Gendron (admitted *pro hac vice*)
                                                 Matthew R. Alsip (admitted *pro hac vice*)
                                                 Venable LLP
                                                 750 East Pratt Street, Suite 900
                                                 Baltimore, Maryland 21202
                                                 T: 410-244-7400
                                                 F: 410-244-7742
                                                 agendron@venable.com
                                                 malsip@venable.com

---

[1] Internal citations and quotations are omitted herein.

Jonathan L. Kotlier (BBO # 545491)
Benjamin L. Mack (BBO # 661590)
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
T: 617-439-2683
F: 617-310-9683
jkotlier@nutter.com

*Counsel for Advanced Cell Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 7, 2012, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 7, 2012           /s/ Jonathan L. Kotlier

312461/1
2113802.1