UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GARY D. ARONSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11492-NMG |
| ADVANCED CELL TECHNOLOGY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| JOHN S. GORTON, AS TRUSTEE OF THE | ) | |
| JOHN S. GORTON SEPARATE PROPERTY | ) | |
| TRUST, DATED 3/3/1993, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11515-NMG |
| ADVANCED CELL TECHNOLOGY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE</u>**

July16, 2012

DEIN, U.S.M.J.

These consolidated actions arise out of Warrants to Purchase Securities (the

"Warrant Agreements"), which the defendant, Advanced Cell Technology, Inc. ("ACT"),

issued to the plaintiffs, Gary D. Aronson ("Aronson") and John S. Gorton, as Trustee of

the John S. Gorton Separate Property Trust, Dated 3/3/1993 ("Gorton").  Under the

Warrant Agreements, the plaintiffs were entitled to purchase shares of ACT stock at a set price, and also were entitled to certain adjustments in the share price and the number of shares they would receive in the event ACT issued or agreed to issue lower priced shares to a third party during the time period known as the Pricing Period. The plaintiffs claim that ACT violated its obligations under the Warrant Agreements by concealing the occurrence of two transactions involving the issuance of stock to ACT's former Chief Financial Officer, Gunnar Engstrom, and to its consultant, William Woodward, which should have triggered adjustments under the terms of their Warrant Agreements. By their claims, the plaintiffs are seeking to hold ACT liable for securities fraud and breach of contract. Additionally, they have asserted claims under the securities laws against the defendant, Wilmington Trust, N.A., in its capacity as Special Administrator of the Estate of William MacKay Caldwell ("Caldwell"), based on Caldwell's former status as an alleged control person of ACT.

The matter is presently before the court on the defendants' motions to dismiss (Docket Nos. 13, 19, 37 and 38)[1] the plaintiffs' First Amended Complaints. In connection with his opposition to ACT's motion to dismiss, Aronson has filed "Plaintiff's Motion for Leave to File Supplemental Request for Judicial Notice" (Docket No. 43) by which he requests that the court take judicial notice of a complaint filed by the Securities and Exchange Commission ("SEC") in the matter of <u>SEC v. Mark A.</u>

---

[1] Unless otherwise indicated, citations to documents contained in the record refer to documents filed in Civil Action No. 11-11492-NMG.

Lefkowitz et al.  For the reasons detailed herein, Aronson's motion for leave to file is DENIED.

The SEC complaint that is the subject of the request to take judicial notice was filed in the Middle District of Florida, and it purports to seek injunctive relief against ACT and various other defendants for violations of the securities laws based on the alleged illegal distribution of penny stock through the repeated misuse of a statutory exemption from registration.  The claims and allegations asserted therein are wholly unrelated to the claims and allegations asserted in this case, and the SEC Complaint has no bearing on the sufficiency of Aronson's Amended Complaint in this matter.  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."  Rodi v. S. New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)).  Because the SEC complaint is irrelevant to the matters pending in this case, it would not be appropriate to consider it.

Although Aronson appears to concede that the SEC complaint is irrelevant to the issues raised by the defendants' motions to dismiss, he urges this court to consider it for the purpose of deciding whether he should be allowed to amend his complaint in the event any part of his complaint is dismissed.  According to Aronson, the SEC's complaint contains allegations regarding additional transactions, aside from ACT's issuance of stock to Mr. Engstrom and Mr. Woodward, that should have triggered

adjustments under his Warrant Agreement.  He asserts that if he were allowed to amend, he would allege new claims based on those same transactions.

The fact that the SEC has made allegations regarding transactions that may or may not support additional claims in this case does not provide a basis for this court to take judicial notice of the SEC complaint.  Neither of the plaintiffs has filed a motion to amend the pleadings, and this court declines to consider matters that are not properly before it.  In any event, allegations presented in a separate matter involving different parties and different claims would do nothing to assist the court in determining whether a motion to amend, had it been filed, would have merit in the context of this case.  Accordingly, Aronson's motion for leave to file a supplemental request for judicial notice is denied.

      /s/Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge